UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 17-7819-CBM (KK) | Date: | January 5, 2018 |
| Title: | *Marcus R. Ellington v. Men's Central Jail, et al.* | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **Order to Show Cause Why Plaintiff's In Forma Pauperis Status Should Not Be Revoked**

On October 13, 2017, Plaintiff Marcus R. Ellington ("Plaintiff"), a state prisoner proceeding pro se, filed a civil rights complaint ("Complaint"). ECF Docket No. ("Dkt.") 1. Plaintiff appears to sue defendants Men's Central Jail Medical Department, Los Angeles County Sheriff Department, and the following nurses and doctors in their individual and official capacities: J. Wallace, E. Wilmore, Zolnouni, Ruiz, and Nickolay Teophilov. Id. Plaintiff's primary complaint is that his prescribed walker was taken away on various occasions, causing him pain and hampering his ability to defend himself pro se in his criminal trial. Id. In addition, while not entirely clear, Plaintiff appears to allege some of the defendants denied him a cane so that he would be moved to housing where he had previously been accused of being a child molester. Id.

On December 4, 2017, the Court granted Plaintiff's Application to proceed in forma pauperis. Dkt. 9. However, pursuant to 28 U.S.C. § 1915(g) (also known as the "three strikes provision"), a prisoner is prohibited from "bring[ing] a civil action . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Here, a review of the record of actions filed by Plaintiff in United States District Courts in California reveals that Plaintiff filed three or more actions or appeals that were dismissed as

frivolous, malicious, or for failing to state a claim upon which relief may be granted (i.e. "strikes"). The Court takes judicial notice of four such cases:

(1) <u>Ellington v. Lucine, et al.</u>, 5:97-cv-20974-RMW (N.D. Cal. Oct. 13, 1998), Dkt. 22 (dismissed for failure to state a claim);

(2) <u>Ellington v. Director of Corrections, et al.</u>, 5:98-cv-20728-RMW (N.D. Cal. Dec. 1, 1998), Dkts. 6, 7 (dismissed for failure to state a claim);

(3) <u>Ellington v. Gariabay, et al.</u>, 5:97-cv-20913-RMW (N.D. Cal. Jan. 5, 1999), Dkt. 12 (judgment entered dismissing for failure to state a claim and failure to amend within the time allowed); and

(4) <u>Ellington v. State of California, et al.</u>, 2:14-cv-4364-UA-AN (C.D. Cal. June 24, 2014), Dkt. 2 (denying <u>in forma pauperis</u> status and finding the "complaint's conclusory allegations fail to state plausible claims . . . [and] the alleged claims are frivolous").

In addition, while Plaintiff's claims in the Complaint are not entirely clear, Plaintiff fails to allege he is under imminent danger of serious physical injury.

Consequently, it appears to the Court that Plaintiff is precluded from proceeding <u>in forma pauperis</u> under Section 1915(g). Accordingly, the Court **HEREBY ORDERS**:

Plaintiff **SHALL SHOW CAUSE** in writing within twenty-one (21) days of the date of this order why the Court should not revoke Plaintiff's <u>in forma pauperis</u> status pursuant to 28 U.S.C. § 1915(g) and why the action should not be dismissed without prejudice to allow Plaintiff to refile with the submission of the $350.00 filing fee.

Alternatively, Plaintiff may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for Plaintiff's convenience.

Plaintiff is expressly warned that failure to timely file a response to this Order will result in Plaintiff's <u>in forma pauperis</u> status being revoked and may result in this action be dismissed without prejudice for his failure to comply with Court orders and failure to prosecute. <u>See</u> Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**